UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ALONZO SCOTT,

       Petitioner,

                                              CASE NO. 1:11-CV-83
v.                                                CASE NO. 1:09-CR-58

UNITED STATES OF AMERICA,             HON. ROBERT J. JONKER

       Respondent.
_____/

## OPINION AND ORDER

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket # 1). The United States has not responded to Petitioner's motion. Petitioner also moved for leave to file supplemental papers (docket # 4). The Court has carefully reviewed Petitioner's motion and his supplemental briefing and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## BACKGROUND

Petitioner Mario Scott was indicted on February 25, 2009, for two counts of possession with the intent to distribute cocaine, one count for crack cocaine and one count for powder cocaine. (Case No. 1:09-cr-58, docket # 1.) On May 20, 2009, Petitioner pleaded guilty to both counts in the indictment, under an informal plea agreement. (Case No. 1:09-cr-58, docket # 28.) During the plea colloquy, Petitioner admitted to possessing 16 grams of crack cocaine with the intent to sell. (*Id*., p. 25.) At his sentencing on August 20, 2009, Petitioner did not object to the Court's calculations

of an offense level of 21, a criminal history category of V, and a guideline range of 70-87 months. (Case No. 1:09-cr-58, docket # 29, p. 3-4.) Petitioner did request that the Court depart from the guidelines to account for the disparity between crack and powder cocaine. (Case No. 1:09-cr-58, docket # 29, p. 14.) The Court noted that it had discretion to vary from the crack cocaine guidelines based on the different ratios. (*Id.*) It declined to do so. (*Id.*, p. 15.) The Court ultimately sentenced Petitioner to 63 months imprisonment. (*Id.*) Petitioner appealed his judgment of conviction and sentence, and the Sixth Circuit affirmed. (Case No. 1:09-cr-58, docket # 31.) The Sixth Circuit held that Petitioner's sentence was reasonable and that the sentencing court "did not err when it declined to apply a 1:1 ratio for crack cocaine and powder cocaine." (*Id.*, p. 3.)

## ANALYSIS

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

Mr. Scott moves to vacate his sentence under 28 U.S.C. § 2255, alleging that the sentencing court's comments violated his due process rights. Specifically, Petitioner claims that he should be resentenced under the Fair Sentencing Act of 2010, and to do otherwise would be fundamentally unfair, violate his Fifth Amendment due process rights and result in different treatment for similarly situated individuals. Petitioner's argument is precluded by the Sixth Circuit's decision in *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), and thus his claim does not warrant relief.

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, amended the drug quantity threshold requirement for statutory minimum prison sentences under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(B)(iii). To qualify for the 60-month mandatory minimum today, more than 28 grams of crack cocaine must be involved. At the time Petitioner was sentenced, a defendant qualified if 5 grams of crack cocaine were at issue. Petitioner admitted to possessing with the intent to sell 16 grams of crack cocaine and thus was subject to the then-mandatory minimum sentence of 60 months, even though no such mandatory minimum would apply to him today.

The Sixth Circuit directly addressed the issue raised by Petitioner in *Carradine*, where the court held that the Fair Sentencing Act "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." 621 F.3d at 580. Accordingly, the Sixth Circuit and this Court "must apply the penalty provision in place at the time [the defendant] committed the crime in question." *Id*. Petitioner agreed during his plea colloquy that he possessed the crack cocaine in August of 2008, two years before the Fair Sentencing Act came into existence. Moreover, Plaintiff's plea and sentence also occurred prior to the Fair Sentencing Act. Accordingly, the Fair Sentencing Act's amendments do not apply to Petitioner.

In his supplemental papers, Petitioner attempts to distinguish his case from the facts of *Carradine*, but his argument lacks merit. Although Petitioner may not be seeking a blanket retroactive application of the Fair Sentencing Act, he is seeking a retroactive application as it applies to him. Either way, the Sixth Circuit has already squarely held that the Fair Sentencing Act does not apply retroactively, either to specific individuals such as Petitioner or across the board. Petitioner's case is actually factually indistinguishable from *Carradine*, since all pertinent events in that case – the underlying acts, the plea, and the sentencing – occurred before the passage of the Fair Sentencing Act, as did the pertinent events at issue here.

**ACCORDINGLY, IT IS ORDERED** that Petitioner's motion for leave to file supplemental papers (docket # 4) is **GRANTED** and that Petitioner's motion to vacate his sentence (docket # 1) is **DENIED**.

Dated:   April 29, 2011             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE